## MISSOURI, O. & G. RY. CO. v. DAVIS.

No. 5444.    Opinion Filed November 30, 1915.

On Petition for Rehearing, January 18, 1916.

(154 Pac. 503.)

1. **TRIAL—Instructions—Issues of Fact.** Where the evidence raises a question of fact, for the jury to pass upon, it is the duty of the court to instruct the jury as to the law applicable to the issue of fact raised by the evidence.

2. **SAME—Refusal of Instructions Covered.** Where the instructions given by the court clearly and fairly cover the law as to a particular phase of a case, it is not error to refuse requested instructions on the same phase of the case.

3. **MASTER AND SERVANT—Injury to Servant—Defective Machinery—Liability of Master.** Where an employee is injured by the breaking of defective machinery, the fact that the master purchased the machinery from a reputable dealer is only one ingredient of evidence on the question of whether he has exercised reasonable care. He should also resort to such tests as are reasonable and practicable, considering the character of the machinery and the danger connected with its operation.

### ON PETITION FOR REHEARING.

4. **EVIDENCE—Knowledge.** Where what is called the U-bolt in a wrecking machine breaks, causing the boom pole to fall upon an employee and injure him, and there is evidence that the foreman of the wrecking crew, immediately after it had broken, remark-

ed "that he was expecting that to break," **held,** that such remark by the vice principal tends to charge the employer with knowledge of the defective condition of this particular part of the machine, and that it was proper to submit this evidence, together with other evidence tending to show knowledge of this particular defect, to the jury.

(Syllabus by Brett, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Hiram L. Davis against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed and rehearing denied.

*E. R. Jones* and *J. C. Wilhoit* (*Arthur Miller,* of counsel), for plaintiff in error.

*Crump & Skinner* and *W. T. Anglin,* for defendant in error.

Opinion by BRETT, C. This action was commenced in the district court of Hughes county by the defendant in error, Hiram L. Davis, as plaintiff, against the Missouri, Oklahoma & Gulf Railway Company, as defendant, to recover damages for alleged personal injuries. The material facts are: That Hiram L. Davis, the plaintiff in the lower court, was a section hand in the employ of the defendant, and as such was called out in May, 1912, by the defendant to assist in clearing away a wreck which had occurred on defendant's road. The pleadings and evidence show that at the time the alleged injuries were received plaintiff was acting under the directions of the foreman of the wrecking crew. While doing this the wrecking machine broke, and caused the injuries complained of. Plaintiff by proper pleadings alleges that the machinery was defective, and charges negligence on the part of the defendant in furnishing dangerous and

22—54

defective machinery with which to do this work. There being no question raised in this court as to the pleadings, it is unnecessary to further set them out. The cause was tried to the court and a jury. The defendant demurred to plaintiff's evidence, which demurrer was overruled, and the jury returned a verdict for the plaintiff for $1,500, which became a judgment; and the defendant appeals from this judgment.

There are numerous assignments of error, but the only issue before this court is one of law; as the facts have been passed upon by the jury, and there being evidence to sustain their verdict, this court, as has often been said, will not attempt to weigh the evidence.

The defendant (plaintiff in error) complains of a portion of instruction No. 2, given by the court. That portion of the instruction complained of. is the following:

"In this case the law imposes upon the defendant company the positive duty to have used reasonable care in seeing that the derrick and boom pole and the U-bolt, and other attachments of the wrecking machinery were so constructed as to have been in a reasonably safe condition, and it was the positive duty of the defendant company to see that the machinery and appliances used were sound, and the failure of the company to provide sound machinery to do the work of clearing away the wreck and to provide reasonably safe equipments for that purpose, taking into consideration the character of the work to be performed by its employees while engaged in the service of the company, would be negligence, under the law, on the part of the defendant."

The complaint is that this portion of the instruction is inapplicable to the facts in the case; that there was no evidence as to the defective condition of the machinery offered by plaintiff. But this contention is not supported by the record. One witness without objection testified

that, immediately following the injury of the plaintiff, the foreman said:

"I told them if they did not fix that thing up, somebody would get killed.  Q. What was he talking about? A. The wrecker, I reckon; said he told them fellows if they did not fix that, that it was going to kill somebody. Q. What did he say; anything else?  A. Yes, sir. He said it come pretty nigh killing somebody last night."

Several other witnesses testified to these same remarks.  We think this evidence clearly raised the question of the condition of the machinery, and justified the instruction complained of.  But this instruction, among other precautionary admonitions, further charged the jury that:

"The railroad company is not to be held as guaranteeing or warranting absolute safety to the plaintiff, nor is it bound to furnish the safest machinery nor to provide the best methods for its operation in order to save itself from responsibility for accidents resulting from its use. If the machinery and appliances used be of ordinary safe character, properly equipped with reasonably safe appliances, and in sound repair, and such as can, with reasonable care be used without danger to its employees, that is all that is required, and when it has exercised that degree of prudence and care that an ordinary reasonable prudent man would provide in guarding against accidents or injuries to himself under like circumstances, it has exercised all the duty that the law has imposed upon it to the plaintiff."

The instruction, taken as a whole, we think, was very clear, accurate, and fairly stated the law applicable to the facts in the case.

The defendant further complains of the court's refusal to give two requested instructions, which are to the effect that the defendant is not liable for latent defects,

which by reasonable diligence could not be detected. But this proposition was fully and clearly covered by No. 3 of the instructions given by the court, and this contention is wholly without merit.

The further complaint is that the court refused requested instruction No. 16, which is as follows:

"The court instructs the jury, as a matter of law, that a master who buys machinery, tools, appliances, or materials from a reputable maker and who also uses reasonable care in inspecting and setting the same up and putting them into use or operation is not liable to an employee for injury resulting from the negligence of the maker of the material or in his doing the work in an improper manner."

This instruction, we think, imperfectly states the law on the question, and was properly refused. The master cannot rely simply upon the reputation of the dealer from whom he purchases, and "reasonable care in inspecting and setting up the machinery and putting it into operation," but he must also resort to such tests as are practicable and reasonable, considering the character of the machinery and the dangers connected with its operation. It is often the case that the mere visual inspection is insufficient, and of but little practical value. As said by Mr. Thompson:

"The fact that the master purchases the machine, tool, or appliance from a reputable manufacturer does not excuse his own negligence in inspecting it, in testing it, and in setting it up, but is a circumstance entering into the general ingredient of evidence, speaking on the question whether or not he has exercised care in the premises." (4 Thompson on Negligence, sec. 3990.)

And we think this is the correct rule, and the fact that the master purchased the machinery from a reputable

dealer is only an ingredient of evidence on the question of whether or not he has exercised reasonable care in the premises. And taking the instruction as a whole, the question of reasonable care was fairly submitted to the jury, and as favorably to the defendant as the law would warrant. *Hailey-Ola Coal Co. v. Parker et al.*, 32 Okla. 642, 122 Pac. 632, 40 L. R. A. (N. S.) 1120; *C., R. I. & P. Ry. Co. v. Wright*, 39 Okla. 84, 134 Pac. 427; *Rock Island Coal Mining Co. v. Davis*, 44 Okla. 412, 144 Pac. 600.

The evidence is sufficient to sustain the judgment, and we cannot say the judgment is excessive. We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

### ON PETITION FOR REHEARING.

Opinion by BRETT, C. The plaintiff in error in its petition for rehearing insists that there was an utter lack of evidence to show negligence of any kind or character on the part of plaintiff in error to submit to the jury; that there was no evidence that it had knowledge of the defective condition of the U-bolt which broke, and that the U-bolt was so hidden and concealed that an inspection of it was impossible; and that the doctrine of *res ipsa loquitur* has no application between the master and servant.

This cause was not tried in the lower court, nor submitted to the jury in that court, upon the doctrine of *res ipsa loquitur*. Nor was that doctrine suggested or intimated in the original opinion. On the contrary, instruction No. 3, referred to, but not set out, in the original opinion, plainly tells the jury that negligence could not be presumed from the fact that the U-bolt broke, and

that the defendant (plaintiff in error) cannot be held liable for latent or hidden defects in the U-bolt, which could not have been known to the defendant or its employees by the exercise of reasonable diligence. This instruction, quoted verbatim, is the following:

"You are further instructed that you cannot presume that the defendant was negligent from the mere fact that the U-bolt, supporting the boom pole in question and described in the petition, broke, permitting the boom pole to fall upon the back of the plaintiff and injuring him, and if said bolt was defective by reason of some latent or hidden defect, which could not have been known to the defendant or its employees by the exercise of reasonable diligence in time to have avoided the injury, by proper inspection and examination of the machinery from time to time, taking into consideration the character of the work and the strain that was being required of it, and said accident was caused as the result of the breaking of the U-bolt, under such conditions, then the plaintiff cannot recover, for it would not be such negligence on the defendant's part as the law contemplates which would entitle the plaintiff to recover."

This instruction squarely presented the question to the jury as to whether or not, under the evidence adduced in their hearing, the defect in the U-bolt was, as contended by the defendant, of such a latent or hidden character that it could not be known to the defendant by the exercise of reasonable diligence, and told them plainly that negligence could not be presumed from the fact that the U-bolt broke, and under this instruction and the evidence the jury found against the contention of the defendant.

In addition to the evidence set out in the original opinion, tending to show that knowledge of the defective condition of the U-bolt had been brought home to the de-

fendant, the witness Barnes testified that immediately after the U-bolt had broken, the foreman said "*   *   * that he was expecting that to break, or looked for it, something like that." What would be the reasonable inference to be drawn from this language? That the foreman was referring to something that had not broken? At that time it was manifest that it was the U-bolt that had broken, and that this was what had caused the accident; and to insist that this evidence does not tend to bring home to the defendant knowledge of the defective condition of the U-bolt, and should not have been submited to the jury, seems to us absurd. That was the very gist of the controversy. If the defendant did not know, and could not by the exercise of reasonable diligence have known, that the U-bolt was defective, then the plaintiff could not recover, and the court so instructed the jury. But if, on the other hand, the defendant did know, or could, by the exercise of reasonable diligence, have known of the defective condition of the U-bolt, then it was liable. And this issue was squarely and fairly submitted to the jury.

This was purely an issue of fact, which had been raised by the pleadings and evidence, and to have refused to submit it to the jury would have been error.

We recommend that the petition for rehearing be denied.

By the Court:  It is so ordered.